UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN M. CONNOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:18-cv-01118-SEB-DML |
| | ) |
| DANIEL A. KOTCHEN, | ) |
| KOTCHEN & LOW, LLP, | ) |
| BOIES, SCHILLER, FLEXNER, LLP, | ) |
| MATTHEW HENKEN, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON MOTIONS TO DISMISS (DKT. 19) AND TO TRANSFER (DKT. 16)**

In this removed diversity case, Plaintiff sued Defendants for breach of contract and other wrongs. Now before the Court are Plaintiff's motion to transfer, *see* 28 U.S.C. §§ 1404(a), 1406(a), and Defendants' motion to dismiss for lack of personal jurisdiction and failure to state a claim. *See* Fed. R. Civ. P. 12(b)(2), (6). For the reasons given below, Plaintiff's motion is granted and Defendants' motion is granted in part.

**Background**

The *First Amended Complaint* (FAC), together with its attachments, alleges as follows. Plaintiff is John Connor ("Connor"), an Indiana domiciliary and professor emeritus of economics at Purdue University. Defendants are the law firms of Kotchen & Low, LLP ("Kotchen & Low"), and Boies, Schiller, Flexner, LLP ("Boies"), as well as attorneys Daniel Kotchen ("Kotchen"), a partner at Kotchen & Low, and Matthew Henken ("Henken"), a partner at Boies. Kotchen and Henken are Wisconsin and New

1

Hampshire domiciliaries, respectively. Kotchen & Low is organized under the laws of Washington, D.C., and has its principal office there. Boies has "an office" in New Hampshire, FAC ¶ 8, and Defendants add in their notice of removal that it is organized under the laws of Nevada with its principal office in New York. Dkt. 1 ¶ 6.

In 2014, Connor entered into a consulting agreement with OnPoint Analytics, Inc. ("OnPoint"), a California consulting services firm. Beginning in 2009, Kotchen, Henken, and their law firms represented the plaintiffs in a multidistrict litigation captioned *In re Wholesale Grocery Products Antitrust Litigation*, No. 09-MD-2090 ADM/TNL, in the United States District Court for the District of Minnesota. In 2016, Kotchen sought out Connor to engage him as an expert witness in the case. Connor referred Kotchen to OnPoint. Kotchen, on behalf of Kotchen & Low, entered into an agreement with OnPoint for Connor's services.

Connor prepared his expert report from his office in Indiana in regular consultation with Kotchen and Henken. In February 2017, defendants in the *Wholesale Grocery Products* litigation deposed Connor in Indianapolis. Kotchen traveled to Indiana to prepare Connor and defended the deposition.

The Minnesota federal district court, alas, did not deem Connor's expert report so expert and excluded "[p]ortions" of it three days after Connor's deposition. FAC ¶ 46. In November 2017, the *Wholesale Grocery Products* plaintiffs secured at least a partial settlement of their claims, but Kotchen & Low and Boies refused and continue to refuse to pay Connor for his services. On November 17, 2017, OnPoint assigned to Connor "all claims, causes of action and/or demands of every kind and description" it may have had

against Kotchen and Kotchen & Low arising from their agreement for Connor's services. Dkt. 15 Ex. 4.

This lawsuit followed. Connor filed his original complaint in Marion Superior Court in Indianapolis on March 13, 2018. Defendants filed a general appearance, moved for an extension of time in which to answer, and, on April 12, 2018, removed the action to this Court, invoking our diversity jurisdiction. Dkt. 1. Defendants promptly moved to dismiss the complaint. Dkt. 13. Rather than defend the motion, Connor filed the now operative FAC on June 4, 2018, Dkt. 15, *see* Fed. R. Civ. P. 15(a)(1)(B), and simultaneously moved to transfer the case under 28 U.S.C. § 1404(a) to the District of Minnesota. Dkt. 16.

The FAC contains claims for breach of contract (Count I), unjust enrichment or *quantum meruit* (Count II), and constructive fraud (Count III). Defendants renewed their motion to dismiss, Dkt. 19, contending that we lack personal jurisdiction over each of them, *see* Fed. R. Civ. P. 12(b)(2), and that Plaintiff's complaint, with one narrow exception, fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Defendants also filed a brief in opposition to Connor's transfer motion under 28 U.S.C. § 1404(a) (transfer for convenience when venue is proper in transferor court), though they do not object to transfer under 28 U.S.C. § 1406(a) (transfer because venue is improper in transferor court). Defs.' Br. Opp. 2.

## **Analysis**

The parties have not asked us to address their pending motions in any particular order. Because Connor's motion to transfer is unopposed in substance, and because

transfer under either Section 1404(a) or Section 1406(a) may be ordered in the absence of personal jurisdiction under functionally the same standard, *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986), judicial restraint arguably counsels ordering transfer without decision as to personal jurisdiction (which courts of this circuit have treated as a defect in venue for transfer purposes, *see, e.g., Smith v. Windy Hill Foliage, Inc.*, 17-cv-895-wmc, 2018 WL 1747915, at *3 (W.D. Wis. Apr. 11, 2018), perhaps imprecisely, *see Ross v. Colo. Outward Bound Sch., Inc.*, 822 F.2d 1524, 1526–28 (10th Cir. 1987)), or failure to state a claim. *See, e.g., Tomchuck v. Union Tr. Co.*, 875 F. Supp. 242, 243 (S.D.N.Y. 1995) ("[I]t is unnecessary to resolve th[e] [personal jurisdiction] issue in the context of the pending motion because the Court has the power to transfer the case, if appropriate, regardless of whether it has personal jurisdiction over the defendant.").

In the District of Minnesota, however, "[w]hen a diversity case is transferred from one federal court to another, the choice of law depends" on whether venue was proper in the transferor court. *Wisland v. Admiral Beverage Corp.*, 119 F.3d 733, 735 (8th Cir. 1997). A Section 1404(a) transferee court applies the law of the transferor court (here, Indiana); a Section 1406(a) transferee court applies its own (here, Minnesota). *Id.* at 736. "If the law of the transferor court were applied, a plaintiff could deliberately file in a jurisdiction with favorable law but clearly improper venue and benefit from its choice." *Id.* Because Minnesota's choice-of-law rules in contract cases differ markedly from Indiana's, *compare Milkovich v. Saari*, 203 N.W.2d 408 (Minn. 1973), *with W.H. Barber Co. v. Hughes*, 63 N.E.2d 417 (Ind. 1945), the nature of the transfer is likely material to the case. Accordingly, it is appropriate here to decide the personal jurisdiction issue,

4

which is the only defect in "venue" Defendants point to (and the only defect they could point to in a case properly removed under 28 U.S.C. § 1441, *see Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953)).

As for failure to state a claim, comity counsels against transferring a facially worthless case, or so much of a case as is facially worthless, no matter which transfer statute applies. To forestall this possibility, our adjudication of Defendants' Rule 12(b)(6) motion is in order as well.

With that procedural ground cleared, we proceed to the merits of the pending motions. We conclude that the complaint fails to state a claim against Henken or Boies. Connor's claims against these Defendants are therefore dismissed with prejudice without regard to personal jurisdiction. Finding that the complaint does state a claim against Kotchen and Kotchen & Low, we next conclude that these Defendants are subject to this Court's personal jurisdiction. Finally, finding transfer to be in the interest of justice, we transfer the balance of the case to the District of Minnesota.

## I. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

"A motion to dismiss under Rule 12(b)(6) is designed to test the complaint's legal sufficiency." *Blintz v. Monsanto Co.*, 317 F. Supp. 3d 1042, 1046 (W.D. Wis. 2018). A complaint is legally sufficient if it contains a short and plain statement, Fed. R. Civ. P. 8(a), that gives the defendants "'fair notice of what the claim is and the grounds upon which it rests[,]'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (ellipsis omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and pleads facts "sufficient . . . to 'state a claim to relief that is plausible on its face'" by "permit[ting] the court to infer

more than the mere possibility" of actionable misconduct by the defendants. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (quoting *Twombly*, 550 U.S. at 570). "The court must 'take all factual allegations as true and draw all reasonable inferences in favor of the plaintiff[].'" *Blintz*, 317 F. Supp. 3d at 1047 (alterations omitted) (quoting *Pugh v. Tribune Co.*, 521 F.3d 686, 692 (7th Cir. 2008)).

As a preliminary matter, we note that the parties have not advanced definite theories on whether Indiana law or California law governs the complaint's claims. (The instant contract was "entered into pursuant to, and shall be construed under," California law. Dkt. 15 Ex. 2, at 2.). A federal court sitting in diversity applies the choice-of-law rules of the state in which it sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). But no choice-of-law analysis is necessary where, as here under Counts I and II, the choice is not material to the outcome, *Jean v. Dugan*, 20 F.3d 255, 260 (7th Cir. 1994), or where, as here under Count III, the parties do not disagree about the choice. *Wood v. Mid-Valley, Inc.*, 942 F.2d 425, 427 (7th Cir. 1991). Forum law is the default choice, *Jean*, 20 F.3d at 260, so with one limited exception we discuss only Indiana law here, but as Defendants repeatedly and helpfully point out in their briefs, California law is not materially different.

Defendants seek dismissal of Count I against only Kotchen, Henken, and Boies because only Kotchen & Low is a party to the instant contract. Defs.' Br. Supp. 9. Perplexingly, perhaps reflexively in his zeal to defend his complaint, Connor forgets that he has pleaded breach of contract only against Kotchen and Kotchen & Low. FAC ¶¶ 63–

64, 70. There is thus no breach of contract claim against Henken or Boies to be dismissed.

As to Kotchen, under Indiana choice-of-law rules, his personal liability on the contracts of the limited liability partnership of which he is a partner (we do not know what type of partner) is governed by "[t]he law of the jurisdiction of formation," Ind. Code § 23-0.5-5-1(a)(2), here apparently Washington, D.C. But Kotchen has not shown that under the law of that jurisdiction (or of any other) he cannot be held liable on Kotchen & Low's contract with OnPoint. Accordingly, Defendants' motion to dismiss is denied as to Count I.

Defendants seek dismissal of Count II because the existence of an express contract precludes resort to a quasicontract claim for unjust enrichment or *quantum meruit* where the subject matter of the dispute is covered by the express contract's terms. Defs.' Br. Supp. 9. *See Zoeller v. E. Chi. Second Century, Inc.*, 904 N.E.2d 213, 221 (Ind. 2009) (citations omitted). Connor counters that a court may fashion an equitable remedy not inconsistent with the contract if the contract does not fully address the subject that gives rise to the injustice. Pl.'s Br. Opp. 8. But, as Defendants point out, "[e]ither [Connor] was entitled to be paid for the work he performed or he was not." Defs.' Br. Supp. 15. That issue (when and how much Connor was to be paid) is entirely encompassed by the instant contract, which, by attaching it to his complaint, Dkt. 15 Ex. 2, Connor cannot now avoid. *See LaSalle Bank Nat'l Assoc. v. Paramount Props.*, 588 F. Supp. 2d 840, 848 (N.D. Ill. 2008) (St. Eve, J.). Accordingly, Connor has not stated, and will not be able to state, a quasicontract claim against any Defendant. Defendants' motion to dismiss is

7

granted as to Count II, which is dismissed with prejudice. *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2015) (citing *Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994)) (dismissal with prejudice where amendment futile).

Defendants seek dismissal of Count III because constructive fraud does not arise from arm's-length contractual relationships; rather, there must be a duty owed to the plaintiff by the defendant arising from a fiduciary or confidential relationship. Defs.' Br. Supp. 12. *See CoMentis, Inc. v. Purdue Research Found.*, 765 F. Supp. 2d 1092, 1111 (N.D. Ind. 2011) (citing *Allison v. Union Hosp., Inc.*, 883 N.E.2d 113, 123 (Ind. Ct. App. 2008); *Morfin v. Martinez*, 831 N.E.2d 791, 802 (Ind. Ct. App. 2005); *United Life Ins. Co. v. Douglas*, 808 N.E.2d 690, 701 (Ind. Ct. App. 2004)). Connor's complaint does not furnish any imaginable factual basis for the existence of a fiduciary or confidential relationship between himself and any Defendant. To the contrary, Connor has pleaded himself out of court by alleging that his only relationship with Defendants was mediated by two contracts negotiated at arm's length: his consulting agreement with OnPoint, and OnPoint's contract with Kotchen & Low. *See Pugh*, 521 F.3d at 699 (citing *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006)) ("[A] plaintiff can plead himself out of court by alleging facts that show there is no viable claim.").

Connor's counter to Defendants' argument does not appear to be responsive or even relevant: "While Defendants argue Connor cannot show a fiduciary relationship between himself and [them], he advised Kotchen prior to accepting the consulting role of the subtle nature of contracts involved in the [*Wholesale Grocery Products* litigation] and the crucial nature of facts emerging from discovery." Pl.'s Br. Opp. 9. Connor then

8

proceeds to lay the blame for the exclusion of his expert report at Kotchen and Henken's feet. *Id.* at 9–10. Be that as it may, it has nothing to do with the nature of Connor's and Defendants' relationship. Accordingly, Defendants' motion to dismiss is granted as to Count III, which is dismissed with prejudice. *See Bogie*, 705 F.3d at 608 (citing *Garcia*, 24 F.3d at 970).

## II. MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

"The plaintiff has the burden of establishing personal jurisdiction[.]" *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010) (citing *GCIU-Emp'r Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1023 (7th Cir. 2009)). "[W]here, as here, the issue is raised by a motion to dismiss and decided on the basis of written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts." *Id.* (citing *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003)). As with Defendants' Rule 12(b)(6) motion, we take all factual allegations as true and draw all reasonable inferences in Connor's favor. *Id.* (citing *Purdue Research Found.*, 338 F.3d at 782).

"A district court sitting in diversity has personal jurisdiction over a nonresident defendant only if a court of the state in which it sits would have jurisdiction." *Purdue Research Found.*, 338 F.3d at 779 (citing *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002)). Indiana's long-arm statute, Ind. R. Trial P. 4.4(A), imbues its courts with personal jurisdiction to the extent permitted by the Due Process Clause of the Fourteenth Amendment. *LinkAm. Corp. v. Cox*, 857 N.E.2d 961, 967 (Ind. 2006).

The Due Process Clause "sets the outer boundaries of a state tribunal's authority to proceed against a defendant." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011) (citing *Shaffer v. Heitner*, 433 U.S. 186, 207 (1977)). The constitutional touchstone is whether the defendant has "'minimum contacts'" with the forum "'such that maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (nested quotations marks omitted) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

A state's natural domiciliaries, their corporate equivalents, and a limited class of other defendants whose "'affiliations with the State are so continuous and systematic as to render [them] essentially at home in the . . . State'" are subject to the state's jurisdiction for all purposes. *Daimler AG v. Bauman*, 571 U.S. 117, 137–139 (2014) (nested quotations marks omitted) (quoting *Goodyear*, 564 U.S. at 919). Connor disavows reliance on such "general" or "all-purpose" jurisdiction, so this issue need not detain us longer. *See* Pl.'s Br. Opp. 4.

In contrast to general jurisdiction, "[a]djudicatory authority is 'specific' when the suit 'arises out of or relates to the defendant's contacts with the forum.'" *Goodyear*, 564 U.S. at 923–24 (alterations omitted) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)). In such cases, the inquiry is "whether there was 'some act by which the defendant purposefully availed itself of the privilege of conducting activities with the forum State, thus invoking the benefits and protections of its laws.'" *Id.* at 924 (alterations omitted) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). The inquiry "'focuses on the relationship among the defendant, the forum, and

the litigation.'" *Walden*, 571 U.S. at 284 (nested quotation marks omitted) (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984)). In other words, the relevant contacts must be made by the *defendant*—not by the plaintiff or third persons—and they must be made with the *state*—not with persons who reside there. *Id.* at 284–85.

More specifically, jurisdiction lies "over defendants who have purposefully 'reached out beyond' their State and into another by . . . entering a contractual relationship that 'envisioned continuing and wide-reaching contacts' in the forum State[.]" *Id.* at 285 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 479–80 (1985)). "And although physical presence in the forum is not a prerequisite to jurisdiction, physical entry into the State—either by the defendant in person or through an agent, goods, mail, or some other means—is certainly a relevant contact." *Id.* (citing *Burger King*, 471 U.S. at 476; *Keeton*, 465 U.S. at 773–74).

Here, Kotchen reached into Indiana by seeking out Connor's expert-witness services here. We draw the reasonable inference in Connor's favor that Kotchen envisioned continuing contacts with Connor lasting at least through pendency of the *Wholesale Grocery Products* litigation as Connor continued work on his expert report from his Indiana office in consultation with Kotchen and his firm. We infer as well that Kotchen could foresee what, in any event, actually occurred: that Connor would be deposed by opposing counsel in Indiana and that Kotchen or another lawyer would travel to Indiana to prepare Connor and defend the deposition.

In other words, Kotchen reached into Indiana to negotiate a contract whose performance he anticipated would largely if not entirely take place here. Kotchen then

traveled to Indiana to participate in the performance of the contract. That is sufficient to make out a prima facie case of specific personal jurisdiction as to him. *Abbott Labs., Inc. v. BioValve Techs., Inc.*, 543 F. Supp. 2d 913, 920–24 (N.D. Ill. 2008) ("BioValve's two visits to Illinois, particularly considered alongside BioValve's ongoing communication with Abbott's Illinois facilities and employees, all related to the negotiation and performance of the DAR-0100 contract, merit an exercise of personal jurisdiction."). *Compare Brook v. McCormley*, 873 F.3d 549, 553 (7th Cir. 2017) ("Defendants in this case never sought out nor conducted business in Illinois, rather Cortina sought out legal services from Defendants. The subject matter of the representation was land in Arizona subject to Arizona law. All business on behalf of Cortina was done in Arizona by an Arizona based law firm with Arizona lawyers."). Given that Kotchen did so on behalf and to the benefit of Kotchen & Low, it suffices as to Kotchen & Low as well. *See Burger King*, 471 U.S. at 479 n.22 ("[W]hen commercial activities are carried on in behalf of an out-of-state party those activities may sometimes be ascribed to the party, at least where he is a primary participant in the enterprise and has acted purposefully in directing those activities." (quotation marks, citations omitted)); *Abbott Labs.*, 543 F. Supp. 2d at 920–24 (assuming agents' contacts are corporate principal's contacts).

Accordingly, Defendants' Rule 12(b)(2) motion is denied as to Kotchen and Kotchen & Low.

### III. MOTION TO TRANSFER

Having concluded that we have personal jurisdiction over the remaining Defendants in the case, and no other defect in venue being alleged, we proceed to

consider Connor's motion to transfer under Section 1404(a) rather than Section 1406(a). We note again that Connor's motion is unopposed in substance; Defendants' only opposition flows from their assertion that Section 1406(a) rather than Section 1404(a) is the applicable transfer provision. Defs.' Br. Opp. 2. But it is not, as we have explained.

Section 1404(a) provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). We deem Defendants' lack of opposition to the Minnesota forum a consent to that forum.

Consent notwithstanding, transfer is independently merited. "[A] transfer under § 1404(a) is appropriate if: (1) venue is proper in the transferor court; (2) venue and jurisdiction are proper in the transferee court; and (3) transfer will serve the convenience of the parties and witnesses and the interest of justice." *Allied Van Lines, Inc. v. Aaron Transfer & Storage, Inc.*, 200 F. Supp. 2d 941, 946 (N.D. Ill. 2002) (citation omitted).

As to (1), the action is properly venued here, *see* 28 U.S.C. § 1441, and we have personal jurisdiction over the remaining Defendants, as explained above.

As to (2), venue is proper in the District of Minnesota because a substantial part of the events or omissions giving rise to the claim (*i.e.*, the *Wholesale Grocery Products* litigation) occurred there. 28 U.S.C. 1391(b)(2). Personal jurisdiction lies there as well because Kotchen and Kotchen & Low purposefully availed themselves of the privilege of conducting their business in the forum, which contacts have given rise to Connor's claims. *See Goodyear*, 564 U.S. at 924 (citing *Hanson*, 357 U.S. at 253).

As to (3), we consider private convenience and the interest of justice separately. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220 (7th Cir. 1986). "When evaluating the convenience of the parties and witnesses, the court should consider: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties of litigating in the respective forums." *Hanley v. Omarc, Inc.*, 6 F. Supp. 2d 770, 774 (N.D. Ill. 1998) (citations omitted). Here, following removal from the state court, the District of Minnesota is Connor's choice; the situs of the *Wholesale Grocery Products* litigation is there; and Connor expects to rely on evidence supplied by defense counsel in the *Wholesale Grocery Products* litigation, who are located in Minnesota. Pl.'s Br. Supp. 8. By contrast, only Connor's own materials are located in Indiana, and he is self-evidently of the opinion that the inconvenience of transporting them to Minnesota does not outweigh the conveniences of transfer.

"Factors traditionally considered in an 'interest of justice' analysis relate to the efficient administration of the court system." *Coffey*, 796 F.2d at 221. Although this case is not strictly "related litigation" with respect to the *Wholesale Grocery Products* case, *see id.*, it is at least collateral litigation, and the Minnesota federal district court is best positioned to situate the former in the context of the latter.

Accordingly, Connor's motion to transfer is granted.

## **Conclusion and Order**

For the reasons given above:

14

Defendants' motion to dismiss, Dkt. 19, is GRANTED IN PART AND DENIED IN PART:

1. The motion is GRANTED as to Counts II and III of the complaint, Dkt. 15, which are DISMISSED WITH PREJUDICE.

2. Defendants Henken and Boies are DISMISSED because no claims against them remain pending.

3. The motion is DENIED as to Count I of the complaint and as to Defendants Kotchen and Kotchen & Low.

Plaintiff's motion to transfer, Dkt. 16, is GRANTED.

The Clerk is DIRECTED TO TRANSFER this case to the United States District Court for the District of Minnesota.

Plaintiff's motion for leave to file a surreply, Dkt. 25, is DENIED.

IT IS SO ORDERED.

Date: 3/21/2019

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Samuel B. Gardner
ICE MILLER LLP (Indianapolis)
samuel.gardner@icemiller.com

Andrew J. Miroff
ICE MILLER LLP (Indianapolis)
drew.miroff@icemiller.com

Joseph Striewe
joestriewe@striewelaw.com